

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

FILED

FEB 16 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>FRED P. TODD and SUSAN L. TODD,<br><br>Debtors. | Case No. 09-91879-D-13G |
| SCANDIA NURSERY, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FRED P. TODD and SUSAN L. TODD,<br><br>Defendants. | Adv. Pro. No. 09-9073-D<br><br>Docket Control No. FW-1<br><br>DATE: January 25, 2010<br>TIME: 2:00 p.m.<br>DEPT: D |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

## MEMORANDUM DECISION

On November 9, 2009, defendants Fred P. Todd and Susan L. Todd (the "Todds") filed a Motion to Dismiss the Complaint With Prejudice, bearing Docket Control No. FW-1 (the "Motion"). The Motion is brought pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"), made applicable in this proceeding by Fed. R. Bankr. P. 7012.[1] Plaintiffs Scandia Nursery, Inc. and Bjorn Bergstrom

---

1. Unless otherwise indicated, all Code, chapter, section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036.

(collectively "Scandia") oppose the Motion. For the reasons set forth below, the Motion will be denied.

## I. INTRODUCTION

The dispute in this proceeding involves an Asset Purchase Agreement (the "APA") pursuant to which the Todds purchased from Scandia the assets of a business known as Scandia Nursery, in Oakdale, California. The complaint sets forth claims for relief under § 523(a)(2), (4), and (6) for damages arising from the Todds' alleged breach of an agreement to secure their obligation for the purchase price with a deed of trust against their residence at 16335 26 Mile Road, also in Oakdale ("the Property").[2][3] Scandia also seeks imposition of a constructive trust on the Property in its favor and specific performance of the alleged agreement to execute and record a deed of trust.

The Todds contend the complaint is barred by California's statute of frauds and by an integration clause in the APA.

## II. ANALYSIS

This court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). The Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (O).

/ / /

---

2. The Motion also makes a single mention of an option to buy the land on which the nursery is situated, but the complaint and the exhibits to it do not contain any reference to such an option, and the possibility of such an option appears to play no role in the Motion.

3. Scandia also alleges that the Todds falsely represented that there were no liens against the Property, and made a false promise to maintain life insurance on Fred P. Todd, with Scandia as beneficiary, as a additional security for payment of the purchase price.

A. Standards for Dismissal under Rule 12(b)(6)

The United States Supreme Court has recently adopted a "plausibility" standard for assessing Rule 12(b)(6) motions, analyzing the complaint before it in terms of whether it contained enough factual allegations, taken as true, to plausibly suggest that the plaintiff was entitled to relief. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929, 945 (2007). "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1974.

The Court did not disturb its earlier pronouncement in Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683 (1974), that on a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." 416 U.S. at 236. Thus, "a well-pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely.'" Bell Atl. Corp., 127 S. Ct. at 1965, quoting and characterizing Scheuer v. Rhodes, 416 U.S. at 236.

B. The Statute of Frauds

The Todds contend that the alleged agreement to provide a deed of trust against their home is an agreement for the sale of an interest in real property, is therefore subject to the statute of frauds, and is not alleged to be in writing. Thus, the argument goes, because the complaint depends upon the allegation of such an agreement, it fails to state a claim upon which relief can be granted.

/ / /

The applicable statute of frauds provides that:

> The following contracts are invalid, unless they, or some note or memorandum thereof, are in writing and subscribed by the party to be charged or by the party's agent: . . . (3) An agreement . . . for the sale of real property, or of an interest therein . . . .

Cal. Civ. C. § 1624(a).

An oral agreement to grant a lien against real property as security for a debt is within the statute of frauds. <u>Landes Construction Co. v. Royal Bank of Canada</u>, 833 F.2d 1365, 1370 (9th Cir. 1987).[4] The next question, then, would ordinarily be whether the writings in this case are sufficient to satisfy the requirements of the statute of frauds such that the agreement is enforceable.

However, the court need not resolve that issue for purposes of this decision, because even if the alleged agreement to provide the deed of trust is not sufficiently evidenced in writing,[5] Scandia's complaint withstands dismissal. California law is clear that a party may maintain an action for damages for fraud even where the alleged underlying contract is invalid for failure to comply with the statute of frauds. <u>Levin v. Knight</u>,

---

4. The plaintiffs cite Cal. Civ. C. § 1624(a)(7) for the proposition that an agreement to secure a loan by a deed of trust need not be in writing unless the loan is made by a commercial lender. However, that subdivision applies to a promise to make a loan or extend credit, not to a promise to provide a deed of trust as security for a loan.

5. The court assumes for purposes of this decision only that the writings in this case do not satisfy the statute of frauds as to the agreement to provide the deed of trust. However, that point is far from clear, particularly in light of <u>Sterling v. Taylor</u>, 40 Cal. 4th 757, 766 (2007). In that case, the court held that, for purposes of determining whether the statute of frauds is satisfied, extrinsic evidence is admissible to resolve an uncertainty in the terms of a written memorandum. 40 Cal. 4th at 766.

780 F.2d 786, 788 (9th Cir. 1986), citing <u>Tenzer v. Superscope, Inc.</u>, 39 Cal. 3d 18, 29 (1985); see also <u>Texaco, Inc. v. Ponsoldt</u>, 939 F.2d 794, 801 (9th Cir. 1991).

Scandia's first claim for relief is based on § 523(a)(2), false representation, and thus, under <u>Tenzer</u>, survives the Motion. Scandia's second and third claims for relief are based on intentional torts (§ 523(a)(4) and (a)(6)), which for purposes of this analysis, are akin to fraud claims, and thus, are allowable under <u>Tenzer</u>.[6] In its fourth and fifth claims for relief, Scandia asserts remedies based on the facts alleged in the first three claims for relief, and not based on a breach of contract. These claims for relief will survive the Motion as well.[7]

The complaint survives for another reason as well. "The doctrine of estoppel to plead the statute of frauds may be applied where necessary to prevent either unconscionable injury or unjust enrichment" (<u>Tenzer</u>, 39 Cal. 3d at 27, citing <u>Monarco</u>,

---

6. See <u>Tenzer</u>, citing "the general rule '"that the statute of frauds, having been enacted for the purpose of preventing fraud, shall not be made the instrument of shielding, protecting or aiding the party who relies upon it in the perpetration of a fraud or in the consummation of a fraudulent scheme."'  39 Cal. 3d at 30 (citations).

7. See <u>Warren v. Merrill</u>, 143 Cal. App. 4th 96, 113 (2006), citing <u>Mazzera v. Wolf</u>, 30 Cal.2d 531, 535 (1947) [constructive trust is appropriate where party has acquired property to which he is not justly entitled, such as by fraud or breach of fiduciary duty; statute of frauds is no bar]; see also <u>Monarco v. Lo Greco</u>, 35 Cal. 2d 621, 626 (1950) ["In the case of partly performed oral contracts for the sale of land, specific enforcement will be decreed whether or not there have been representations going to the requirements of the statute [of frauds], because its denial would result in a fraud on the plaintiff who has gone into possession or made improvements in reliance on the contract."]; <u>Landes Construction</u>, 833 F.2d at 1370 n.1.

35 Cal. 2d at 623), such as where "one party has been induced by the other seriously to change his position in reliance on the contract" (Monarco, 35 Cal.2d at 623) or where one party has received the benefit of the other's performance (id., at 623-24). The facts alleged by Scandia in this case -- that it transferred the assets of its business to the Todds in reliance on their promise to provide a deed of trust -- taken as true, are sufficient to plausibly suggest that estoppel applies, and thus, that the plaintiffs are entitled to relief. See Bell Atl. Corp., 127 S. Ct. at 1965.

C. The Integration Clause

The Todds also argue that an integration clause in the APA precludes consideration of anything beyond the four corners of the APA, that the alleged agreement to provide the deed of trust is not mentioned in the APA, and thus, that the complaint, being based on that agreement, must be dismissed.

This argument overlooks two important provisions contained in the APA itself. First, the parties agreed that payment of the purchase price would be by means of a promissory note in the form attached as Exhibit A to the APA. The note, in turn, expressly states not only that it is "secured by a Deed of Trust of even date," but that in the event of a sale of the property described in the deed of trust, the balance due on the note would become all due and payable.

Second, the APA contains the following provision:

> The parties agree to execute and deliver any other documents or instruments not specifically referred to herein, which are necessary or reasonably required by a party to carry out the intents and purposes of this agreement.

Complaint for Determination of Dischargeability of Debt, filed October 9, 2009, Exhibit 1, ¶15(E).

This provision directly contradicts the Todds' contention that the integration clause was intended by the parties to preclude consideration of any documents other than the APA itself.

Finally, the Todds' argument assumes that the existence of an integration clause in the APA ends the analysis. It does not. The law on integration clauses is not a body of law unto itself. It is simply a part of the analysis undertaken in determining the application of the parol evidence rule, which is, simply stated, that if a contract is determined to be integrated, "its terms may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement." Cal. C. Civ. Proc. § 1856. The initial inquiry in determining whether a written contract is integrated is "whether the parties <u>intended</u> their writing to serve as the exclusive embodiment of their agreement." <u>Masterson v. Sine</u>, 68 Cal. 2d 222, 225 (1968) (emphasis added); <u>Banco Do Brasil v. Latian</u>, 234 Cal. App. 3d 973, 1001 (1991).

In making this determination, the court looks <u>not</u> <u>only</u> to the presence or absence of an integration clause in the contract, but to the collateral agreement itself, "to determine whether the parties intended the subjects of negotiation it deals with to be included in, excluded from, or otherwise affected by the writing," and to the circumstances at the time of the writing. <u>Masterson</u>, 68 Cal. 2d at 225-26; <u>see</u> <u>also</u> <u>Gerdlund v. Elec. Dispensers Int'l</u>, 190 Cal. App. 3d 263, 270-71 (1987).

/ / /

1    Even if the court concludes that the written contract is
2 integrated, the court may admit extrinsic evidence to explain its
3 meaning, so long as that evidence tends "'to prove a meaning to
4 which the language of the [written agreement] is reasonably
5 susceptible'"  Banco Do Brasil, 234 Cal. App. 3d at 1001, quoting
6 Bert G. Gianelli Distributing Co. v. Beck & Co., 172 Cal. App. 3d
7 1020, 1037 n. 4 (1985), and not a meaning that varies or
8 contradicts the terms of the writing.  Gerdlund, 190 Cal. App. 3d
9 at 271.
10   Finally, the parol evidence rule contains a fraud exception
11 (Cal. C. Civ. Proc. § 1856(g)), and the presence of an
12 integration clause has no effect on the fraud exception.
13 Continental Airlines, Inc. v. McDonnell Douglas Corp., 216 Cal.
14 App. 3d 388, 424 (1989).
15   In the present case, it is possible that if the court
16 examined evidence on both sides, it would conclude that the
17 parties intended the Todds' payment of the purchase price to be
18 secured by a deed of trust.  There is, after all, the reference
19 to a deed of trust and to a due-on-sale clause in the promissory
20 note.  The Todds would likely be asked to explain their
21 understanding of the reason for this language if it was other
22 than Scandia contends.  And if the court reached such a
23 conclusion, it is also possible the court would find that the
24 property intended to be encumbered was the Property, if for
25 example, that was the only real property owned by the Todds at

the time.[8]

In short, the presence of an integration clause in the APA does not conclude the inquiry, and the complaint is not subject to dismissal at this stage in the proceeding.

### III. CONCLUSION

For the reasons set forth above, the Motion will be denied. The court will issue an appropriate order.

Dated: February 16, 2010

*Robert Bardwil*
ROBERT S. BARDWIL
United States Bankruptcy Judge

---

8. See, e.g., Sterling, 40 Cal. 4th at 767-68, discussing Preble v. Abrahams, 88 Cal. 245 (1891) [written contract that described the land to be sold only as "forty acres of the eighty-acre tract at Biggs," without specifying which 40 acres were meant; court held to be admissible parol evidence that the sellers, in a contemporaneous transaction, sold the western half of the 80 acres to a third party and that the defendant agreed to purchase the other 40].

Case 09-09073    Filed 02/16/10    Doc 23

**CERTIFICATE OF MAILING**

    I, Andrea Lovgren, in the performance of my duties as Deputy Clerk to the Honorable Robert S. Bardwil, mailed by ordinary mail a true copy of the attached document on today's date to each of the parties listed below:

Office of the US Trustee
501 "I" Street, 7th Floor
Sacramento, CA 95814

Donald Jageman
6 S Washington Street, #9
Sonora, CA 95370

Carl Collins
P.O. Box 3291
Modesto, CA 95353

Randall Walton
P.O. Box 830
Modesto, CA 95353-0830

DATE: February 16, 2010

_____
Deputy Clerk